IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **KEITH HERMAN**, on behalf of himself and those similarly situated,<br><br>Plaintiff,<br>v.<br><br>**METALTEK INTERNATIONAL, INC.**,<br>905 East St. Paul Ave<br>Waukesha, WI 53188,<br><br>Defendant. | Case No. 3:22-cv-1476<br><br>Judge<br><br>Magistrate Judge<br><br>**JURY DEMAND ENDORSED HEREON** |

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**

Now comes Plaintiff Keith Herman ("Named Plaintiff" or "Herman"), by and through undersigned counsel, individually and on behalf of other members of those similarly situated, for his Collective and Class Action Complaint against MetalTek International, Inc. ("MetalTek" or "Defendant") for its failure to pay employees all overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Ohio Minimum Fair Wage Standards Act, O.R.C. § 4111.03 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). Named Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b) while one or more of the Ohio Acts claim(s) is/are asserted as a class action under Federal Rule of Civil Procedure 23. Named Plaintiff, individually and on behalf of others similarly situated, hereby alleges as follows:

**I.    JURISDICTION AND VENUE**

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 for violations of the FLSA, 29 U.S.C. § 216(b).

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio (the Ohio Acts) over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of Ohio.

**II.   FACTUAL ALLEGATIONS**

   **A.    Named Plaintiff**

4. Named Plaintiff is an individual, a United States citizen, and a resident of Bellevue, Ohio.

5. Herman was employed by MetalTek as a machine operator at one of MetalTek's production facilities located at 510 West Water Street, Sandusky, Ohio 44870 for approximately thirty-five (35) years until his departure on or about December 13, 2021.

6. As a machine operator, Herman primarily performed non-exempt duties in that he operated various machines in support of the manufacturing and supply of centrifugally cast paper mill rollers.

7. At all times, Herman was non-exempt and paid on an hourly basis.

8. At all times relevant, Herman was an "employee" as defined in the FLSA and the Ohio Acts.

9. At all times relevant, Defendant was an employer as defined in the FLSA and Ohio Acts.

10. Herman generally worked Monday through Friday, but he also regularly worked on weekends.

11. At all times relevant, Herman primarily performed non-exempt duties, including operating a machine on a production line manufacturing various plastics.

12. Named Plaintiff's Consent to Join Form is filed herewith, pursuant to 29 U.S.C. § 216(b), and attached as **Exhibit A**.

**B. Defendant**

13. MetalTek is a metal products enterprise that manufactures, develops, and fabricates metal castings, combining metal casting, heat treatment, metal machining, and/or metal fabrication, for wear, high temperature, and corrosive applications.

14. MetalTek serves customers in the aerospace, military, food processing, marine, mining, petro-chemical, pulp and paper, and power industries.

15. At all times relevant, MetalTek purposefully availed itself to be subject to laws of the State of Ohio and is authorized to do business in Ohio.

16. At all relevant times, MetalTek was also an "employer" as that term is defined by the FLSA and the Ohio Acts due to its employment of Named Plaintiff and those similarly situated as described herein.

17. MetalTek regularly conducts business and operates one of its other facilities, including the one at which Named Plaintiff worked, in this judicial district.

18. Upon information and belief, MetalTek operates its other United States manufacturing facilities under the MetalTek enterprise as follows:

a. "Carondelet," 8600 Commercial Boulevard, Pevely, Missouri, 63070;

b. "Sandusky International," 510 West Water Street, Sandusky, Ohio 44870;

c. "Wisconsin Centrifugal," 905 East St. Paul Avenue, Waukesha, Wisconsin 53188; and

d. "Wisconsin Investcast," 661 South Twelfth Street, Watertown, Wisconsin 53094.

19. Defendant determined matters governing essential terms and conditions of Named Plaintiff's employment; exercised the ability to hire, fire, and discipline employees; exercised the ability to affect compensation and benefits; and exercised the authority to direct and supervise employees' performance, including Named Plaintiff's own performance.

20. At all relevant times, Defendant has had direct or indirect control and authority over Named Plaintiff's and other similarly situated employees' working conditions, including matters governing the essential terms and conditions of their employment.

21. At all relevant times, Defendant exercised that authority and control over Named Plaintiff and other similarly situated employees.

22. At all relevant times, Defendant had the authority to (and does) hire and fire employees, supervise and control the work schedules and work conditions of employees, determine the rate and method of pay, and/or maintain employee records.

23. For example, MetalTek terminated Named Plaintiff's employment through Gene Weaver, MetalTek's Operations Manager.

24. Defendant applied or caused to be applied substantially the same employment policies, practices, and procedures to all employees at all of its locations, including policies, practices, and procedures relating to the payment of wages, overtime, and timekeeping.

25. During relevant times, Defendant suffered or permitted Named Plaintiff and other similarly situated employees to perform uncompensated work. The work that Named Plaintiff and other similarly situated employees performed was for Defendant's benefit.

26. During relevant times, Defendant maintained control, oversight, and direction over Named Plaintiff and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages and overtime.

27. During relevant times, Defendant has benefitted from the work performed by Named Plaintiff and those similarly situated.

28. Upon information and belief, during the three (3) years preceding the filing of this Complaint, Defendant operated and controlled an enterprise and employs employees engaged in commerce or in the production of goods for commerce or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

29. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

30. Despite this awareness, it chose not to comply with the FLSA and Ohio wage and hour laws.

### III.    COLLECTIVE AND CLASS ACTION ALLEGATIONS

31. At all times relevant, (1) Defendant was an employer as defined by the FLSA and accompanying state wage and hour laws, (2) Named Plaintiff and those similarly situated employees regularly worked overtime without proper compensation for all hours worked, and (3)

Defendant knew that Named Plaintiff and those similarly situated worked overtime and did not pay them for it, including but not limited to one or more reason(s) alleged below.

### Unpaid Overtime because of a Pay-to-Shift Policy/Practice and/or Rounding Policy/Practice that Rounds Compensable Hours Down to the Detriment of Employees

32. Despite utilizing a companywide timekeeping system that tracks exactly when each hourly employee "punches" or clocks in/out[1] each day, Defendant maintains a policy and/or practice whereby it generally only compensates its hourly production/manufacturing employees for their *scheduled shifts* (or rounds to their scheduled shifts) rather than for all of the time it suffered or permitted its employees to work for a variety of reason(s) more fully outlined below.

33. Once clocked in, Named Plaintiff and similarly situated employees regularly perform integral and indispensable unpaid work before the scheduled start time. All of this work is captured on Defendant's companywide timekeeping system.

34. The integral and indispensable pre-shift work that Named Plaintiff and similarly situated employees perform includes meeting with and receiving instruction from supervisors, discussing issues with prior shifts, performing safety checks, gathering necessary items, and going right onto the production line to perform production job duties (including operating machinery) among other preparatory job duties in order for production to be up and running at the scheduled starts of their shifts.

35. Named Plaintiff and other similarly situated employees were required to be ready to begin production no later than the scheduled starts of their shifts.

36. However, despite their performance of integral and indispensable pre-shift work, Defendant does not pay its hourly production/manufacturing employees for such work.

---

[1] For all intents and purposes, the terms "punch in" and "clock in" are used interchangeably and have the same meaning herein. In addition, the terms "punch out" and "clock out" also are used interchangeably and have the same meaning.

37. Defendant knew or should have known that Named Plaintiff and similarly situated employees performed pre-shift substantive job duties because they were expected to arrive prior to the scheduled starts of their shifts, were instructed to arrive prior to the scheduled starts of their shifts and perform preparatory job duties as alleged herein, clocked in prior to the scheduled starts of their shifts, and continued working after they clocked in.

38. Moreover, despite working up through and including until when they clock out each day, which resulted in working beyond the scheduled ends of their shifts, Defendant regularly only compensated its hourly production/manufacturing employees until the end of their scheduled shifts, rounded down their compensable hours to their scheduled shift end time, and/or otherwise rounded down compensable hours in a non-neutral manner to Defendant's benefit.

39. Defendant's policy/practice whereby it only pays its hourly production/manufacturing employees for their scheduled shifts, improperly rounds Named Plaintiff's and those similarly situated employees' punch-in and punch-out times down to their scheduled start and scheduled end times, and/or otherwise reduces compensable hours by rounding in a manner that is not neutral violates the FLSA and Ohio law because it fails to compensate these employees for all time that they have actually worked.

40. As set forth herein, Defendant failed to compensate Named Plaintiff and other similarly situated employees for all overtime wages earned as a result of uncompensated pre- and post-shift work.

41. This integral and indispensable unpaid work performed by Named Plaintiff and other similarly situated employees was practically ascertainable to Defendant. There was no practical administrative difficulty of recording/paying this integral and indispensable unpaid work

by Named Plaintiff and other similarly situated employees from their clock-in times until their clock-out times each day.

42. The unpaid work performed by Named Plaintiff and other similarly situated employees constituted part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

43. Moreover, this unpaid work was an integral and indispensable part of other principal activities performed by Named Plaintiff and other similarly situated employees and was part of their continuous workday.

44. Defendant knowingly and willfully failed to pay Named Plaintiff and other similarly situated employees as described herein.

45. Upon information and belief, for the three (3) years preceding this Complaint, Defendant applied the same pay practices and policies to all of its hourly production/manufacturing employees at its facilities, including Named Plaintiff.

### A. FLSA Collective Action for Unpaid Overtime Wages

46. Named Plaintiff brings Count One of this action on his own behalf and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct as described herein.

47. The collective that Named Plaintiff seeks to represent and to whom Named Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, of which Named Plaintiff himself is a member, is composed of and defined as follows:

> **All current and former hourly production/manufacturing employees of Defendant who were paid for at least forty (40) hours of work in one or more workweek(s) beginning three (3) years prior to the filing of this Complaint and continuing through final disposition of this case. (the "FLSA Collective" or the "FLSA Collective Members").**

48. This action is maintainable as an "opt-in" collective action pursuant to the FLSA as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees, and costs. In addition to Named Plaintiff, numerous current and former hourly production/manufacturing employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Named Plaintiff is representative of those other employees and is acting on behalf of their interests, as well as his own, in bringing this action.

49. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's business and payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees, and costs.

    **B.**     **Federal Rule of Civil Procedure 23 Class Action for Unpaid Overtime Wages**

50. Named Plaintiff brings his Ohio Acts claims pursuant to Rule 23 as a class action on behalf of himself and all other members of the following class:

> **All current and former hourly Ohio production/manufacturing employees of Defendant who were paid for at least forty (40) hours of work in one or more workweek(s) beginning two (2) years prior to the filing of this Complaint and continuing through final disposition of this case. (the "Rule 23 Class" or the "Rule 23 Class Members").**

51. The Rule 23 Class includes all of Defendant's hourly production/manufacturing employees who worked in the State of Ohio during the relevant time period above.

52. The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

53. Named Plaintiff is a member of the Rule 23 Class and his claims for unpaid wages are typical of the claims of other members of the Rule 23 Class.

54. Named Plaintiff will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

55. Named Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Rule 23 Class that he has undertaken to represent.

56. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Rule 23 Class.

57. Questions of law and fact are common to the Rule 23 Class.

58. Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its hourly production/manufacturing employees.

59. Class certification is appropriate under Rule 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Rule 23 Class as a whole.

60. Class certification is appropriate under Rule 23(b)(3) because the questions of law and facts common to the Rule 23 Class predominate over questions affecting individual members of the Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

61. Questions of law and fact that are common to the Rule 23 Class include but are not limited to: (a) whether Defendant violated one or more of the Ohio Acts by failing to pay the Rule 23 Class for all wages, including overtime, earned because of one or more of the violations described herein; (b) whether Defendant kept accurate records of the amount of time that the Rule 23 Class was working each day; (c) whether Defendant's violations of one or more of the Ohio

Acts was knowing and willful; (d) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to Named Plaintiff and other members of the Rule 23 Class on account of Defendant's violations of one or more of the Ohio Acts; (e) whether the unpaid and/or withheld compensation remained unpaid in violation of the OPPA; and (f) what amount of prejudgment interest is due to Rule 23 Class members for overtime or other compensation that was withheld or otherwise not paid to them.

62. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Rule 23 Class as defined herein. Because the damages sustained by individual members may be modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## IV. CAUSES OF ACTION

### COUNT I:
### 29 U.S.C. § 207 - FLSA COLLECTIVE ACTION FOR UNPAID OVERTIME

63. All of the preceding paragraphs are realleged as if fully rewritten herein.

64. This claim is brought as part of a collective action by Named Plaintiff on behalf of himself and the FLSA Collective Members against Defendant.

65. Defendant's practice and/or policy of not paying Named Plaintiff and the FLSA Collective Members for integral and indispensable work performed outside of their scheduled shifts violates the FLSA. 29 U.S.C. § 207; *see also* 29 C.F.R. § 785.24 (stating same).

66. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

67. As a result of Defendant's practices and/or policies, Named Plaintiff and the FLSA Collective Members have not received overtime wages due to them pursuant to the FLSA.

68. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such calculations are in the possession of Defendant and/or were not kept by Defendant.

69. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of himself and the FLSA Collective Members.

## COUNT II:
## O.R.C. § 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME

70. All of the preceding paragraphs are realleged as if fully rewritten herein.

71. This claim is brought under the Ohio Wage Act, which incorporates the FLSA without limitation.

72. Named Plaintiff and the Rule 23 Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under Ohio law.

73. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5x) the employee's regular rate of pay for all hours worked over forty (40) in one workweek "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1) (stating same).

74. While employed by Defendant, Named Plaintiff and the Rule 23 Class Members worked in excess of the maximum weekly hours permitted under Section 4111.03 but were not fully paid overtime wages as outlined above.

75. As a result of Defendant's companywide policies and/or practices as described herein, it failed to pay Named Plaintiff and the Rule 23 Class Members all overtime wages earned.

76. Named Plaintiff and the Rule 23 Class were not exempt from the wage protections of the Ohio Wage Act.

77. Defendant's repeated, knowing failure to pay overtime wages to Named Plaintiff and the Rule 23 Class Members were violations of the Ohio Wage Act, and, as such, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Rule 23 Class Members are entitled.

78. For Defendant's violations of the Ohio Wage Act, Named Plaintiff and the Rule 23 Class Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest, attorneys' fees, and all other remedies available on behalf of himself and the Rule 23 Class Members.

**COUNT III:**
**O.R.C. § 4113.15 – RULE 23 CLASS ACTION FOR OPPA VIOLATION**

79. All of the preceding paragraphs are realleged as if fully rewritten herein.

80. Named Plaintiff and the Rule 23 Class Members have been employed by Defendant.

81. During relevant times, Defendant was an entity covered by the OPPA, and Named Plaintiff and the Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

82. The OPPA requires that Defendant pay all of Named Plaintiff's and the Rule 23 Class Members' wages, including unpaid overtime, for *any* reason, whether statutory or otherwise, on or before the first day of each month for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof *and* on or before the fifteenth day of each month for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

83. The OPPA allows an employee to recover liquidated damages for wages which are not in dispute. O.R.C. § 4113.15(B).

84. During relevant times, Named Plaintiff and the Rule 23 Class Members were not paid all wages, including overtime wages at one-and-one-half times (1.5x) their regular rates of pay within thirty (30) days of performing the work as outlined above. *See* O.R.C. § 4113.15(B).

85. Named Plaintiff and the Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled paydays.

86. In violating the OPPA, Defendant acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

## V. <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Named Plaintiff requests judgment against Defendant and for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA;

C. Certifying the proposed Rule 23 Class;

D. Finding that Defendant has failed to keep accurate records in accordance with the FLSA and Ohio law and that Named Plaintiff, the FLSA Collective Members, and the Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

E. Finding that Defendant's wage and hour policies and/or practices as alleged herein violate the FLSA and the Ohio Acts;

F. Declaring judgment against Defendant for damages for all unpaid overtime compensation owed to Named Plaintiff and the FLSA Collective Members during the applicable statutory period under the FLSA and continuing through trial;

G. Declaring judgment against Defendant for liquidated damages pursuant to the FLSA in an amount equal to all unpaid overtime compensation owed to Named Plaintiff and the FLSA Collective Members during the applicable statutory period under the FLSA and continuing through trial;

H. Awarding to Named Plaintiff and the Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio law, pursuant but not limited to the OPPA;

I. Awarding to Named Plaintiff a service award for his efforts in remedying various pay policies/practices as outlined above;

J. Awarding to Named Plaintiff and the Rule 23 Class Members punitive, exemplary, and compensatory damages under O.R.C. § 2307.60;

K. Awarding to Named Plaintiff, the FLSA Collective Members, and the Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

L.	Directing Defendant to pay reasonable attorneys' fees and all costs connected with this action;

M.	Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery;

N.	Declaring judgment for all civil penalties to which Named Plaintiff, the FLSA Collective Members, and/or the Rule 23 Class Members may be entitled; and

O.	Awarding such other and further relief as to this Court may deem necessary, just, or proper.

Respectfully submitted,

| **COFFMAN LEGAL, LLC** | **BRYANT LEGAL, LLC** |
|---|---|
| */s/ Matthew J.P. Coffman* | */s/ Daniel I. Bryant* |
| Matthew J.P. Coffman (0085586) | Daniel I. Bryant (0090859) |
| Kelsie N. Hendren (100041) | 1550 Old Henderson Road, Suite 126 |
| 1550 Old Henderson Rd. | Columbus, Ohio 43220 |
| Suite #126 | Phone: (614) 704-0546 |
| Columbus, Ohio 43220 | Facsimile: (614) 573-9826 |
| Telephone: (614) 949-1181 | Email: dbryant@bryantlegalllc.com |
| Facsimile: (614) 386-9964 | |
| Email: mcoffman@mcoffmanlegal.com | */s/ Matthew B. Bryant* |
|     khendren@mcoffmanlegal.com | Matthew B. Bryant (0085991) |
| | 3450 W Central Ave., Suite 370 |
| | Toledo, Ohio 43606 |
| | Telephone: (419) 824-4439 |
| | Facsimile: (419) 932-6719 |
| | Email: Mbryant@bryantlegalllc.com |

*Attorneys for Named Plaintiff and those similarly situated*

## JURY DEMAND

Named Plaintiff requests a trial by a jury of eight (8) persons.

                                                  */s/ Matthew J.P. Coffman*
                                                  Matthew J.P. Coffman