UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Keith Herman,                                                        Case No. 3:22-cv-1476
*individually and on*
*behalf others similarly situated,*

                  Plaintiffs,

    v.                                                           ORDER

MetalTek International, Inc.,

                  Defendant.

Plaintiff Keith Herman and Defendant MetalTek International, Inc., pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), and Rule 23(e) of the Federal Rules of Civil Procedure, have jointly moved for an order: (a) preliminarily approving the FLSA settlement and class action settlement, as described in the Class Action Settlement Agreement and Release found at Exhibit 1 ("Settlement Agreement"); (b) conditionally certifying a settlement class regarding claims under the Ohio Minimum Fair Wage Standards Act and the Ohio Prompt Pay Act pursuant to Fed. R. Civ. P. 23 for purposes of proceeding in connection with the final approval of the settlement agreement; (c) appointing Plaintiff's counsel as Class Counsel; (d) appointing Plaintiff as the Class Representative; (e) appointing Analytics Consulting, LLC as the Claims Administrator; (f) preliminarily approving the service payment to Plaintiff; (g) preliminarily approving Class Counsel's request for attorneys' fee and litigation expenses; (h) approving the form, content, and manner of notice to the proposed settlement class; and (i) scheduling a final approval hearing. (Doc. Nos. 10 & 10-1).

After reviewing the Settlement Agreement, the parties' joint motion for approval, the declaration of Plaintiff's counsel, and the other filings in this matter, I grant the motion and order as follows:

1. All initial-capped terms contained herein, unless otherwise defined, shall have the same definitions as set forth in the Settlement Agreement, which is attached as Exhibit 1 to the parties' joint motion. (*See* Doc. No. 10-1). The Settlement Agreement sets forth the terms and conditions for the proposed settlement. The Settlement Agreement is subject to approval by the Court pursuant to the FLSA and Rule 23(e).

2. On August 17, 2022, Plaintiff filed this action alleging Defendant violated the FLSA and similar Ohio statutes by failing to pay Plaintiff and other similarly situated employees all their unpaid wages and overtime pay.

3. This Court appoints Plaintiff Keith Herman as Class Representative to represent the Settlement Class for settlement purposes only. The proposed Settlement Class includes Class Representative and fifty-six (56) employees.

4. This Court appoints Bryant Legal, LLC and Coffman Legal, LLC as Class Counsel for the Settlement Class for settlement purposes only.

5. This Court appoints Analytics Consulting, LLC as Claims Administrator and preliminarily approves the allocated costs for administration of the settlement as described in the Settlement Agreement.

6. The parties exchanged and analyzed initial factual disclosures, and timekeeping and payroll records. Based upon these records the parties each prepared a damages model. These models, along with other research and investigation, enabled the parties to understand and assess the detail and substance of their respective claims and defenses.

7. This Court finds the Settlement Agreement is the result of good faith, arms-length negotiations conducted after counsel for both sides were able to reasonably evaluate their respective positions. The Court finds on a preliminary basis that the Settlement is within the range of reasonableness, is commensurate with the claims made, and could ultimately be given final approval by this Court. I find there is sufficient basis to conclude preliminarily that the proposed settlement is fair, reasonable, and adequate.

8. In making this finding, I considered the nature of the claims, the relative strength of the parties' positions, the expense, complexity, and length of time this type of litigation typically requires, the documents exchanged and analysis performed by both sides, and the allocation of the settlement proceeds.

9. For settlement purposes only and for no other purpose and with no other effect on this litigation, this Court certifies that the Settlement Class meet the requirements for class certification under Fed. R. Civ. P. 23(a) and (b)(3). The Class is defined as: "All manufacturing/production employees (1) who were employed by Defendant in its Sandusky, Ohio facility during the time period of August 17, 2020 through May 8, 2023; (2) worked forty or more hours in one or more workweeks during the Calculation Period; and (3) whose payroll and time clock data was included in the Settlement." The definition of the Settlement Class encompasses persons with like factual circumstances and like claims to that of Plaintiff Herman.

10. This Court preliminarily approves the service award for Plaintiff Herman in recognition of her services in this litigation.

11. This Court provisionally approves the payment of attorneys' fees and litigation expenses to Class Counsel as provided in the Settlement Agreement.

12. This Court approves the form, substance, and manner of distribution of the notices of class action, (Doc. No. 10-1 at Exs. A & B), and orders that it be distributed to the Settlement

3

Class in the manner described in the Settlement Agreement. The Settlement Class shall be notified of the pendency of this matter, the proposed settlement, and the date of the hearing at which final approval of the proposed settlement may be considered.

13. This Court approves the following procedure and timeline:

   a. Within 14 calendar days of entry of this Order, Defendant shall provide an Excel spreadsheet with the names and last known addresses for the Settlement Class to the Claims Administrator;

   b. Within 14 days of receipt of the information at subsection (a), the Claims Administrator shall distribute the approved notice via First Class U.S. Mail;

   c. If the notice is returned as undeliverable, the Claims Administrator shall attempt to locate a new address for the individual through other reasonable means. If a new address is located the Claims Administrator will re-send the notice by First Class U.S. Mail. If no new address can be located within five (5) calendar days of receiving the notice of undeliverable mail, the Claims Administrator will advise both Class and Defense Counsel.

   d. The notice will inform the Class of their right to request exclusion from the Settlement or to submit written objections to the Settlement, and the procedure for doing so in either instance;

   e. Plaintiffs shall have 60 days after the date of mailing of the notice to submit a request for exclusion or objections to the Settlement;

   f. Class counsel shall file a Joint Motion for Final Approval of the Settlement, along with a proposed Final Order and Judgment Entry, no later than 10 days prior to the Final Approval Hearing, accompanied by a Declaration from

       Analytics Consulting, LLC verifying that the notice was properly and timely distributed to the Settlement Class;

    g.  On October 19, 2023, at 10:00 a.m., a Final Approval Hearing will be held at the James M. Ashley and Thomas W.L. Ashley U.S. Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio, 43604.  The Court reserves the right to adjust the date of the Final Approval Hearing and related deadlines without further notice to the Settlement Class.

14.    All proceedings and all litigation of the matter, other than those pertaining to the administration of the Settlement, are stayed pending the Final Approval Hearing.

15.    The preliminary approval of the Settlement and the certification of the Settlement Class are conditional and shall be vacated if the Settlement Agreement is terminated or disapproved in whole or in part by the Court, or any appellate court, or any other court of review, in which event the Settlement Agreement shall not be offered, received, or construed as an admission or as evidence for any purpose.

16.    In the event the Settlement is not finally approved, or otherwise does not become effective in accordance with the terms of the Settlement Agreement, this Order shall be null and void, and shall be vacated with the parties to revert back to their respective positions before entering into the Settlement Agreement.  The Court's findings are for purposes of certifying a settlement class and to settle the matter.  Thus, they shall not have any claim or issue preclusion or estoppel effect in any other action against Defendants, or in this action, if the Settlement is not finally approved.

Accordingly, I grant the Joint Motion for Preliminary Approval of Class Action Settlement. (Doc. No. 10).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
