UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Keith Herman, *on behalf of himself
and those similarly situated*,

        Plaintiff,

v.

MetalTek International, Inc.,

        Defendant.

Case No. 3:22-cv-1476

JUDGMENT ENTRY

For the reasons stated in the Memorandum Opinion and Order filed concurrently, the parties' Joint Motion for Final Approval is granted, (Doc. No. 12), and I find as follows:

1. Pursuant to Federal Rule of Civil Procedure 23(e)(2), I conclude, after a hearing and based on the parties' submissions, that the Settlement Agreement is fair, reasonable, and adequate. In reaching this conclusion, I considered the record in its entirety and heard the arguments of counsel for the Parties. In addition, I considered a number of factors, including: (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the Class Members to the Settlement; (3) the stage of proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of maintaining the class action through the trial; and (6) the reasonableness of monetary benefits to the Class Members;

2. The terms and provisions of the Settlement are the product of thorough, arms-length negotiations among experienced and competent counsel. Approval of the Settlement will result in substantial savings of time, money, and effort to the Court and the parties and will further the interests of justice;

3. Pursuant to the Settlement Agreement and the June 20, 2023 Order granting the parties' Joint Motion for Preliminary Approval of Class Action Settlement, (Doc. No. 11), the Class is defined as "All manufacturing/production employees (1) who were employed by Defendant in its Sandusky, Ohio facility during the time period of August 17, 2020 through May 8, 2023; (2) worked forty or more hours in one or

        more workweeks during the Calculation Period; and (3) whose payroll and time clock data was included in the Settlement."

4. All Class Members are bound by this Judgment and the terms of the Settlement;

5. Nothing in the Settlement Agreement, this Judgment, or the fact of the Settlement constitutes any admission by any of the parties of any liability, wrongdoing, or violation of law; damages or lack thereof; or of the validity or invalidity of any claim or defense asserted in this action;

6. I have considered the submissions by the parties and all other relevant factors, including the results achieved and the efforts of Class Counsel in prosecuting the claims on behalf of the Class Members. Herman participated in the action, acted to protect the Class Members, and assisted his counsel. The efforts of Class Counsel have produced the Settlement entered into with good faith, providing a fair, reasonable, adequate, and certain result for the Class Members. Class Counsel has made application for an award of $47,633.45 in attorneys' fees and $2,528.75 in expenses incurred in the prosecution of the action on behalf of itself and the Class Members. The Court finds that the amounts requested for fees and expenses to be fair, reasonable, and adequate under the circumstances. The Court hereby awards $50,162.20 in total as attorneys' fees and expenses to Class Counsel. Analytics shall also be paid $5,000.00 for its services in administering this Settlement. Further, Representative Plaintiff is entitled to a fair, reasonable, and justified service award of $5,000 pursuant to the Settlement Agreement and to be paid from the Settlement;

7. This case is dismissed with prejudice; and

8. Without affecting the finality of this Judgment, the Court reserves jurisdiction over the enforcement of this Judgment and the Settlement Agreement and all matters ancillary thereto.

So Ordered.

                                              s/ Jeffrey J. Helmick  
                                              United States District Judge